**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2418

JEFFREY ATKINS,

Plaintiff – Appellant,

v.

ERIC HOLDER, Attorney General, Federal Bureau of Prisons,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Florence. J. Michelle Childs, District Judge. (4:10-cv-01296-JMC)

Submitted: May 28, 2013          Decided: June 18, 2013

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Lewis Mann Cromer, James Paul Porter, J. LEWIS CROMER & ASSOCIATES, LLC, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Barbara M. Bowens, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Atkins appeals the district court's order granting summary judgment to the Defendant on his claims for disability discrimination under the Rehabilitation Act, racial discrimination and retaliation under Title VII, and age discrimination under the Age Discrimination in Employment Act.[*] Prior to his termination, Atkins was a correctional counselor with the Bureau of Prisons. Atkins suffered from polyarthropathy of the right knee and degenerative disc disease in his back. All of Atkins' doctors imposed significant restrictions on his physical activity and concluded that his restrictions were permanent. On appeal, Atkins challenges the district court's disposition of his disability discrimination, racial discrimination, and retaliation claims. We affirm.

We review the district court's grant of summary judgment de novo, viewing the facts and drawing all reasonable inferences in the light most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[*] The district court remanded a breach of contract claim to state court following the resolution of the federal law claims.

2

Fed. R. Civ. P. 56(a).  The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

Atkins first contends that he was terminated from his position because of his disability, in violation of the Rehabilitation Act.  Section 504 of the Rehabilitation Act provides, in relevant part: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability" be subject to discrimination with regard to federal employment.  29 U.S.C. § 794(a) (2006).  In order to establish a violation of the Rehabilitation Act for disparate treatment, a plaintiff must prove: "(1) that he has a disability; (2) that he is otherwise qualified for the employment or benefit in question; and (3) that he was excluded from the employment or benefit due to discrimination solely on the basis of the disability."  Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1265 (4th Cir. 1995).

There is no dispute that Atkins was disabled at the time of his termination.  However, we conclude that the district court did not err when it held that Atkins was not otherwise qualified for his position.  Only persons who are "qualified" for the position in question may state a claim for disability

3

discrimination. Tyndall v. National Educ. Centers, Inc. of California, 31 F.3d 209, 212 (4th Cir. 1994) (claim under ADA). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8) (2006). See also 29 C.F.R. § 1630.2(m) (2012). At the time of his termination, Atkins was under several medical restrictions that significantly curtailed the time he was allowed to walk or stand. Prior to being barred from the institution, Atkins was assisted by two metal canes with forearm braces and stated that he was afraid for his safety. Because the correctional counselor position was a law enforcement position that required Atkins to physically restrain and control inmates, and no accommodation could be made to alleviate his restrictions, we conclude that Atkins did not make a prima facie claim for disability discrimination.

Next, Atkins argues that the district court erred by granting summary judgment on his Title VII racial discrimination claim. A plaintiff pursuing a Title VII discrimination claim may either offer direct evidence of discrimination or, using indirect evidence, may rely on the burden-shifting framework that was adopted by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under the latter

4

standard, the plaintiff bears the initial burden of establishing a prima facie case. See, e.g., Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). Because Atkins offered no direct evidence of discrimination, his claim is appropriately analyzed under the McDonnell Douglas burden-shifting framework. To establish a prima facie case of discrimination under Title VII, a plaintiff must show that: (1) he was a member of a protected group; (2) he suffered an adverse employment action; (3) he was performing his job satisfactorily at the time of the adverse employment action; and (4) similarly situated employees outside his protected class were treated more favorably. McDonnell Douglas, 411 U.S. at 802; White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004). Where a plaintiff makes a showing sufficient to support a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. McDonnell Douglas, 411 U.S. at 802. If the employer produces a legitimate reason for the action, the burden once again shifts to the plaintiff to show that the employer's rationale is a pretext for discrimination. Id. at 804-05. The plaintiff can prove pretext by showing that the defendant's "explanation is unworthy of credence or by offering other forms of circumstantial evidence sufficiently probative of . . .

discrimination." Mereish v. Walker, 359 F.3d 330, 336 (4th Cir. 2004) (internal quotation marks omitted).

The district court determined that Atkins had failed to establish a prima facie case because he could not show that similarly situated employees were treated more favorably than he. We conclude that the district court should not have restricted the scope of potential comparators to only those individuals who shared Atkins' immediate supervisor while ignoring the fact that the warden of the institution made the final decision to terminate Atkins. See Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992) (holding that to establish a prima facie case, an employee generally must show that his comparator was subject to action by the same supervisor or decision-maker). Because we also recognize that a dispute exists in the record as to whether Atkins' proffered comparators had permanent disabilities, we proceed to assess Atkins' claim that the Defendant's legitimate reason for terminating him was pretextual. The Defendant contends that Atkins was terminated because he was unable to perform his duties as a result of his medical condition. For the reasons stated above, we hold that Atkins has not provided sufficient evidence to label this belief as mere pretext for racial discrimination.

Lastly, Atkins alleges that the Defendant terminated him in retaliation for filing an EEO complaint. A plaintiff may

6

establish a prima facie case of retaliation by demonstrating that: (1) he engaged in a protected activity; (2) the defendant took an adverse action against him; and (3) there was a causal connection between the first two elements. Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). If a prima facie case is established, the burden shifts to the defendant to provide a legitimate, non-retaliatory basis for the action. Id. Once this burden is met, the plaintiff must show by a preponderance of the evidence that the proffered reasons are pretextual. Id.

Atkins satisfies the first two prongs of the prima facie case. However, he did not establish a causal connection between his EEO complaint and his termination. Atkins did not receive notice that he would be terminated until four months after he filed his EEO complaint. Therefore, because his termination was not temporally very close to his protected activity, Atkins must show other relevant evidence to support causation. See Lettieri v. Equant Inc., 478 F.3d 640, 650 (4th Cir. 2007). We conclude that Atkins has not made this showing, and therefore the district court did not err when it held that Atkins failed to state a prima facie case for retaliation.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal

contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED